UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

REBECCA WILLIAMSON,

                Plaintiff,

    -against-                                             1:23-CV-1360 (LEK/DJS)

FUR-EVER FRIENDS DOGGIE DAYCARE &
MORE, INC., *et al.*,

                Defendants.

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

Plaintiff Rebecca Williamson filed a complaint in this action on November 1, 2023. Dkt. No. 1 ("Complaint"). In her Complaint, Plaintiff alleges multiple wage and hour violations against three defendants: Fur-Ever Friends Doggie Daycare & More, Inc. ("Company"); Fur-Ever Friends Doggie Daycare, LLC ("LLC"); and Keith R. Hancock, Jr. ("Hancock") (collectively, "Defendants"). See id. ¶¶ 8, 9, 13. On November 17, 2023, Plaintiff served the summons and the Complaint on the Company, Dkt. No. 4, and on Hancock, Dkt. No. 5. Neither the Company nor Hancock filed an answer or otherwise responded to the Complaint, and Plaintiff filed a request for entry of default against all Defendants on February 5, 2024. Dkt. No. 8. The Clerk then entered default against the Company and Hancock. Dkt. No. 9.[1]

Currently pending before the Court is Plaintiff's motion for default judgment against the Company and Hancock. Dkt. No. 11 ("Motion"). For the reasons that follow, the Motion is granted in part and denied in part.

---

[1] Plaintiff has not filed proof of service for the LLC. Accordingly, the Clerk denied an entry of default as to the LLC. See Dkt. No. 9.

## II.   BACKGROUND

The following facts are stated as alleged in Plaintiff's Complaint.

Plaintiff worked for the Company "as a part-time Kennel Attendant from April 26, 2021, until May 22, 2021." Compl. ¶ 17. In that role, Plaintiff was paid $15.00 per hour. See id. Plaintiff was promoted to full-time Facility Manager on May 23, 2021. See id. ¶ 18. She remained in that role until December 16, 2021. See id. After being promoted to Facility Manager, Plaintiff earned a weekly salary of $550.00 per week until late July 2021, when she received a raise to $600.00 per week. See id. ¶ 21. In this role, she worked six or seven days and approximately 50 hours per week. See id. ¶¶ 22–23. While Plaintiff was scheduled to work from 11:30 AM to 6:30 PM, Plaintiff often worked from 6:00 AM to 11:30 AM, took a three-hour break, and then worked from 2:30 PM to 7:30 or 8:00 PM. See id. ¶ 24. She also regularly covered shifts missed by other workers. See id. ¶ 23. Even though Plaintiff did not receive the minimum salary required for her to be exempt from overtime pay under New York or federal law, Plaintiff did not receive any compensation above her regular salary during weeks where she worked more than forty hours. See id. ¶¶ 26–27. Plaintiff also worked multiple weeks where she did not receive any salary payments. See id. ¶ 29 (listing eight weeks where she allegedly worked and was not paid). Beginning in late September 2021, Plaintiff began to receive "small sporadic cash payments from Defendant as compensation instead of regular checks." Id. ¶ 30; see also id. ¶ 31 (listing four weeks where she received cash payments of less than her weekly salary).

Plaintiff alleges that Defendants "failed to properly document and record the actual number of weekly hours Plaintiff worked." Id. ¶ 33. Defendants also allegedly "failed to provide Plaintiff with an accurate wage statement with every payment of wages, containing information

such as dates of work, rates of pay for regular and overtime hours, and number of regular hours and overtime hours worked." Id. ¶ 35. Defendants also failed to provide Plaintiff with "spread of hours" wages as required under New York law. Id. ¶ 36.

Plaintiff's Complaint contains four causes of action. Count One alleges that Defendants violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207, by failing to pay Plaintiff required overtime wages. See id. ¶¶ 37–45. Count Two alleges Defendants violated New York Labor Law Articles 6 and 19 by failing to pay required regular time and overtime wages. See id. ¶¶ 46–58. Count Three alleges Defendants violated New York Labor Law record keeping requirements by failing to provide required wage statements. See id. ¶¶ 59–62. Count Four brings claims for breach of contract and unjust enrichment. See id. ¶¶ 63–68. Plaintiff requests monetary damages. See id. at 10.

### III.   LEGAL STANDARD

"[A] default is an admission of all well-pleaded allegations against the defaulting party." Vt. Teddy Bear Co. v. 1-800 BEARGRAM Co., 373 F.3d 241, 246 (2d Cir. 2004). "Upon entry of a default, a plaintiff's claims for damages generally must be established in an evidentiary proceeding at which the defendant is afforded an opportunity to contest the amount claimed." Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contrs., Inc., 699 F.3d 230, 234 (2d Cir. 2012). However, "such a hearing is not mandatory." Id. (citing Action S.A. v. Marc Rich & Co., Inc., 951 F.2d 504, 508 (2d Cir. 1991)). "There must be an evidentiary basis for the damages sought by plaintiff, and a district court may determine there is sufficient evidence based upon evidence presented at a hearing or upon a review of detailed affidavits and documentary evidence." Id.; see also Fed. R. Civ. P. 55(b)(2). "When a defendant defaults in an action brought under the FLSA, the plaintiff's recollection and estimates of hours worked are

presumed to be correct." Gunawan v. Sake Sushi Rest., 897 F. Supp. 2d 76, 83 (E.D.N.Y. 2012); see also Reich v. S. New Eng. Telecomms. Corp., 121 F.3d 58, 66 (2d Cir. 1997) ("When a defendant in a suit for lost wages under the FLSA fails to maintain employment records as required by the Act, an employee . . . may 'submit sufficient evidence from which violations of the Act and the amount of an award may be reasonably inferred.'") (quoting Martin v. Selker Bros, Inc., 949 F.2d 1286, 1296–97 (3d Cir. 1991)).

## IV.   DISCUSSION

No evidentiary hearing is necessary to resolve the issues before the Court. Plaintiff has provided estimates of the hours she worked during the relevant periods and calculated her damages under the relevant FLSA and New York law provisions. Plaintiff outlines calculations of damages which include FLSA and NYLL unpaid overtime wages, NYLL gap-time wages,[2] FLSA and NYLL liquidated damages,[3] NYLL § 195(1) and (3) violations, legal costs, and post-judgment interest. See Dkt. No. 11-1 ("Affirmation") ¶¶ 12–36. As the Defendants, who presumably have access to more precise records, have defaulted, the Court may accept the Plaintiff's calculations. See Gunawan, 897 F. Supp. 2d at 83. Having examined these calculations, the Court will accept them for the purpose of the instant motion.

---

[2] Plaintiff claims that she is owed $380.00 for the week of 9/19/2021 to 9/25/2021 and $353.00 for the week of 11/14/2021 to 11/20/2021. See Affirmation ¶ 25. In the absence of additional explanation, the Court calculates the gap-time wages for these weeks to be Plaintiff's weekly salary of $600.00 minus the received payments of $445.00 and $472.00, or $155.00 and $128.00 respectively. Accordingly, Plaintiff will be awarded $5,063.00 in gap-time wages. Plaintiff may submit additional briefing supporting her original calculations if and when she chooses to submit documentation supporting her claim for attorneys' fees.

[3] For the reasons stated *supra* n.2, Plaintiff's liquidated damages are calculated at this slightly reduced rate.

Plaintiff is also entitled to recover reasonable attorneys' fees under the relevant statutes. See 29 U.S.C. § 216(b) ("The court in [a civil action under relevant provisions of the FLSA] shall, in addition to any judgment awarded to the plaintiff . . . allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."); N.Y. Labor Law § 663(1) (permitting a party in a wage action to "recover [damages] . . . together with costs all reasonable attorney's fees"). Plaintiff has requested attorneys' fees and costs totaling $6,002.00. See Affirmation ¶ 32 (requesting award of attorneys' fees of $5,600.00 and the Court's filing fee of $402.00). Plaintiff has not provided, however, any explanation of how counsel calculated those attorneys' fees. "In this circuit, a proper fee request 'entails submitting contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done.'" Lopez v. Nights of Cabiria, LLC, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015) (quoting Wolinsky v. Scholastic, Inc., 900 F. Supp. 2d 332, 336 (S.D.N.Y. 2012)). Under those circumstances, the Court cannot find that the fees sought here are reasonable. The Court will therefore deny the portion of the default judgment motion that seeks attorneys' fees with leave to renew upon filing of documentation sufficient for the Court to determine that the fees sought are reasonable.

V.     **CONCLUSION**

Accordingly, it is hereby:

**ORDERED**, that Plaintiff's Motion for Default Judgment, Dkt. No. 11, is **GRANTED in part and DENIED in part**. Default judgment is hereby granted to the Plaintiff and against Defendants Fur Ever Friends Doggie Daycare & More, Inc., and Keith R. Hancock, Jr., as follows:

**$6,581.25** (unpaid overtime wages under the FLSA and New York law)

**$5,063.00** (New York labor law gap-time wages)

  **$11,644.25** (liquidated damages under 29 U.S.C. § 216(b) and N.Y. Labor Law § 198 (1-a))

  **$5,000.00** (violations of N.Y. Labor Law § 195(1))

  **$5,000.00** (violations of N.Y. Labor Law § 195(3))

+   **$402.00** (filing fees)

  _____

  **$33,690.50** (total damages). Defendants shall pay post-judgment interest from the date of this Memorandum-Decision and Order; and it is further

  **ORDERED**, that Plaintiff's request for attorneys' fees is hereby **DENIED** with leave to renew upon submission of proper documentation of the basis for the fees. Failure to file such documentation within twenty-one (21) days of the date of this Memorandum-Decision and Order will cause the Court to consider that portion of the damages request abandoned, and the damages assigned in this Memorandum-Decision and Order shall become final; and it is further

  **ORDERED**, that Plaintiff shall provide the Court proof of service for Defendant Fur-Ever Friends Doggie Daycare, LLC, within twenty-one (21) days of the date of this Order. Failure to provide proof of service by that date will cause the Court to dismiss any claims against that Defendant without further order.

  **IT IS SO ORDERED**

DATED:  June 24, 2024
      Albany, New York

                    LAWRENCE E. KAHN
                    United States District Judge